

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer P. Rainey, President
The University of Texas
Austin, Texas

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sirs:

> Opinion No. 0-2084
> Re: Traveling expenses of heads
> of State Educational Institu-
> tions are subject to limita-
> tion that expenditure out of
> public money must be for State
> or public purposes.

We are in receipt of a letter from Honorable Homer
P. Rainey, President, University of Texas, dated March 18,
1940, concerning traveling expenses for the heads of various
State Educational Institutions and requesting a reconsidera-
tion of our Opinion No. 0-1195 and a letter from Honorable
Geo. H. Sheppard requesting our opinion as to whether he
should approve the expense account of Honorable Sam H. Whit-
ley, President, East Texas State Teachers' College for travel-
ing expenses while attending the meeting of the Southern As-
sociation of Colleges and Secondary Schools and the American
Association of Teachers' Colleges. Since these two requests
are closely related, we deem it proper to consider them to-
gether.

It appears from Dr. Rainey's letter that he requested
the Comptroller to draw warrants covering his traveling ex-
penses on two out of State trips. The Comptroller returned
the claims requesting that an explanation of the purposes of
the trips be given in order that he might determine "whether
the account is a legal charge against State funds." No further
facts appear. The position of the Comptroller is stated by Dr.
Rainey as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer P. Rainey, Honorable Geo. H. Sheppard, Page 2

"The sum of the State Comptroller's posi-
tion is that under the present law, plus the
above opinion referred to (O-1195) his Depart-
ment has to determine whether or not my trips
can be interpreted as 'state's business.'"

The following questions are submitted to this depart-
ment:

"(1) Whether or not I, and the other
heads of our educational institutions, are
exempt under the current law from the limita-
tion of having to be 'on state's business'
before our traveling expenses can be paid;
and

"(2) Whether or not your Department will
show the distinction between the executive
department of the state government, such as
the Secretary of State, the Highway Department,
etc. and educational institutions."

In answering the specific questions presented in
Opinion No. O-1195, we expressed the opinion that:

"In determining whether reimbursement
may be made for traveling expenses in any
event, it must be recognized that no reim-
bursement may be had unless the purpose of
the trip upon which such expenses were in-
curred was the accomplishment of 'State's
business.'

"'State's business,' as relates to the
authority of a department to incur traveling
expenses to be paid by the State, seems to
us to embody at least the following elements:

"1. A reasonable, substantial, and direct
relation between the business to be transacted
on the trip and the accomplishment of the func-
tions of government entrusted to the particular
department.

"2. A reasonable, substantial, and direct
relationship between the method by which the

particular business is intended to accomplish the function of Government entrusted to the department, and the powers granted the department by law for the accomplishment of such functions.

** * *

"Of course, as between the two extremes, there must necessarily be a zone of doubt, where the judgment of the department heads, under the sanction of their official oaths, becomes the only practicable criterion by which the question whether the State's business is involved in the particular trip may be determined."

The House Bill No. 255, Acts 46th Legislature, 1939, appropriating public moneys for the support and maintenance of various State Educational Institutions including the University of Texas provides, in part, as follows:

"Subsection (6)  Traveling Expenses.  All persons employed in any capacity by these State educational institutions and agencies who travel at the expense of the State, are hereby limited to the same amounts authorized for employees of the State Departments and the Comptroller and local disbursing officer shall require the same method of claim presentation and form.  No traveling expenses shall be incurred by any employee of the schools, or other agencies named herein, outside of the boundaries of the State of Texas, except for State business, and upon the advance written consent of the school's Board of Regents or Directors.  The provisions of this Act with reference to traveling expenses shall not apply to the heads of the institutions named in this Act nor the members of boards who do not receive an annual or monthly salary.  The term 'maintenance' may include traveling expenses.  The expenses of Regents, Presidents, and Auditors of these State educational institutions and agencies should be approved by the Comptroller of the State, President of the governing board, President of the College or Institution and College Auditor before payment from either State or Local funds."
(Underscoring ours)

Honorable Homer P. Rainey, Honorable Geo. H. Sheppard, Page 4

Section 6, Article 16 of the Texas Constitution provides:

"No appropriation for private or individual purposes shall be made. A regular statement, under oath, and an account of the receipts and expenditures of all public money shall be published annually, in such manner as shall be prescribed by law."

It was held by this department in a conference opinion, dated October 1, 1933, Book 65, p. 355, Reports and Opinions of Attorney General 1932-1934, p. 472, that officers or agents of the University of Texas may be reimbursed for traveling expenses only where such expenses are incurred in the discharge of a public or State purpose as distinguished from a private purpose. It was also pointed out that not only must the traveling expenses for which reimbursement may be allowed, be incurred in the performance of a public purpose but must also be "legitimately connected with the management or operation of the University, in order that the performance of the Act be the official business of an agent of the University." We enclose a copy of the foregoing opinion herewith.

Since it would clearly be in violation of constitutional prohibitions for the Legislature to attempt to make appropriations to the heads of State Educational Institutions for expenses incurred in the discharge of private business, as distinguished from State or public business, we must presume that the Legislature did not intend to exempt such officers from that particular provision contained in Subsection 6, limiting payment of traveling expenses to that incurred in the discharge of State business. If, however, the Act is subject to no other construction than that suggested in the letter of request, then it must be condemned as unconstitutional and could not serve as an authorization to pay traveling expenses of heads of educational institutions when engaged in private or individual business. See authorities cited in the above mentioned conference opinion.

With reference to the second point presented, our Opinion No. O-1195, and the limitation upon the expenditure of State funds, does not depend upon the meaning or classification of "Departments of the State Government". The case of Malone v. Rainey, et al, in which the Supreme Court refused to allow the filing of an original application for mandamus on the ground that officers of the University of Texas are not "officers of the Executive Departments of the Government of this State" within

the meaning of Article 1735, R. C. S., 1925, giving original
mandamus jurisdiction to the Supreme Court, has no relation
to the question now under consideration. The limitations
which we are here considering apply to the expenditure of
public moneys and not to any particular department or divi-
sion of the State Government.

As pointed out in our original opinion whether a
particular act constitutes "State business" is a question
which must depend upon the facts in each particular case.
Something which might properly be considered "State business"
in connection with institutions of higher learning could not
in many instances be classified as a public function or pur-
pose when applied to some one of the executive departments
and visa versa. To this extent there is a distinction but
it is a distinction common to all divisions and agencies of
the State Government. We are not prepared to say that every-
thing which may "add to the sum of human knowledge" or which
may "add to the recognition and prestige of our institutions
and improve greatly the quality of teaching personnel" either
directly or indirectly, is in all cases such a function as to
permit the expenditure of public money. Because of the nature
of the second question, we are unable to give a categorical
answer.

The facts presented in the letter from President
Whitley, and attached to the Comptroller's request, are as
follows:

"I am writing you this letter for the purpose
of making a request to make an out of State trip
for the week beginning April eight. The purpose
of this trip is to attend the meetings of the
Southern Association of Colleges and Secondary
Schools which will meet in Atlanta, Georgia,
April eight through the twelfth. The East Texas
State Teachers College is a member of the South-
ern Association, which is the rating agency for
colleges in the south. This institution makes
annually a report to this Association, and it is
necessary for me to be present so that I may
answer questions pertaining to the standards
which the Southern Association has set up. I
have been attending this Association every year
since I became president of this college in 1924.

"I make two trips out of the State annually
to attend meetings of associations that pass upon

the East Texas State Teachers College at Commerce. One of these is the American Association of Teachers Colleges, about which I wrote you recently, and the other is the Southern Association of Colleges and Secondary Schools. The American Association of Teachers Colleges is the national rating agency, and the Southern Association is the regional rating agency for this college. Should you desire me to make a more detailed statement relative to the purpose of this meeting I shall be happy and delighted to do so."

In addition to the facts set out in the foregoing statement, it is a matter of common knowledge that these associations are designed to promote and maintain standards of the member schools and that membership in, and recognition by such associations is of vital importance to the more efficient operation of the various institutions of higher learning in this State. In the conference opinion dated October 1, 1938, enclosed herewith, this department approved the claim for traveling expenses of Dean Hildebrand while attending the meeting of the Association of American Law Schools, which organization has substantially the same purposes and performs services similar to those mentioned in the Comptroller's letter.

It was ruled in our Opinion No. O-1973 that the provision appearing in S. B. No. 427, Acts 46th Leg., prohibiting the payment of expenses of employees of State Departments to conventions irrespective of other considerations does not apply to employees of the State Educational Institutions of higher learning; H. B. No. 255, Acts 46th Leg., containing no similar specific prohibition.

It is our opinion that the heads of State Educational Institutions may not be repaid for their traveling expenses incurred while engaged in other than State business.

We are further of the opinion that attendance at the meetings of the Southern Association of Colleges and Secondary Schools and the American Association of Teachers Colleges by the President of a State Teachers' College bears a reasonable, substantial and direct relationship to the official duties imposed upon such officer and is for a State or public purpose.

Honorable Homer P. Rainey, Honorable Geo. H. Sheppard, Page 7

Authorized traveling expenses incurred in attending such meetings may be approved and paid by the Comptroller.

We express no opinion upon the merits of the claim presented to the Comptroller by President Rainey since the facts are not before us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Cecil C. Cammack*
          Cecil C. Cammack
          Assistant

CCC:RB

APPROVED APR 5, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE